MATTER OF NESTOR

In Exclusion Proceedings

A-20181729

*Decided by Board August 16, 1973*

(1) In the absence of a showing that applicant was prejudiced by her waiver of counsel at the exclusion hearing, the order for her exclusion is sustained on appeal since she is clearly inadmissible to the United States.

(2) A claim of political asylum in exclusion proceedings should be addressed to the district director and not to the Board of Immigration Appeals or immigration judge since parole under section 212(d)(5) of the Immigration and Nationality Act, the form of relief available to asylum claimants in exclusion proceedings, is within the exclusive jurisdiction of the district director.

EXCLUDABLE: Act of 1952 —Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—No immigrant visa.

ON BEHALF OF APPLICANT: Howard W. Dixon, Esquire
Legal Services of Greater Miami, Inc.
395 N.W. First Street
Miami, Florida 33128

This is an appeal from an order of an immigration judge excluding the applicant from admission to the United States. The appeal will be dismissed.

The applicant is a 32-year-old unmarried female alien, a native and citizen of Haiti, who arrived at Miami, Florida on April 5, 1973 and applied for admission. After a hearing before an immigration judge on April 26, 1973, at which she admitted that she came here to work and never had a visa to come to the United States, the applicant was found to be a visaless immigrant and she was ordered excluded.

On appeal, counsel urges that the applicant did not clearly understand that she was waiving her right to counsel; that the Immigration and Naturalization Service should have provided counsel; and that section 292 of the Immigration and Nationality Act is unconstitutional insofar as it fails to require free counsel for indigents. Apart from the fact that we may not consider a challenge to the constitutionality of the statutes we administer, counsel has failed to indicate how the applicant was prejudiced by

the absence of counsel. As an alien who concededly lacks any document authorizing her admission to the United States, the applicant is clearly inadmissible. The only relief available to her is enlargement on parole under section 212(d)(5) of the Act, and that relief has already apparently been granted by the Service's District Director. In citing *Woodby* v. *INS*, 385 U.S. 276 (1966), counsel misapprehends the nature of these proceedings. That case dealt with the burden of proof in deportation proceedings, which is on the Service. In these exclusion proceedings, on the other hand, the burden of proving admissibility is on the applicant. See section 291 of the Act.

The argument that the applicant will be endangered for political reasons if returned to Haiti is addressed to the wrong forum. In exclusion proceedings, parole under section 212(d)(5) of the Act is the form of relief available to asylum claimants. That power has been delegated by the Attorney General exclusively to the Service's District Directors, and not to its immigration judges or to this Board, *Matter of Conceiro*, Interim Decision No. 2183 (BIA, 1973), *habeas corpus* dismissed, *Conceiro* v. *Marks*, 360 F. Supp. 454, (S.D. N.Y., 73 Civ. 697, June 25, 1973).

**ORDER:** The appeal is dismissed.